No. 25,191.

M. CARTWRIGHT et al., *Appellees*, v. RUSSELL R. ROBERTSON et al., *Appellants*.

SYLLABUS BY THE COURT.

OIL LEASE—*Contract—Competent Evidence Wrongfully Excluded*. Testimony admissible under a stipulation between the parties, and relevant and material to the issue, considered, and held to have been wrongfully excluded.

Appeal from Greenwood district court, division No. 2; GEORGE J. BENSON, judge. Opinion filed April 5, 1924. Reversed.

*S. F. Wicker*, and *Gordon A. Badger*, both of Eureka, for the appellants.
*C. C. Carper*, of Eureka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The Cartwrights joined in an oil lease to Robertson and Hayes. The Cartwrights claimed they were to receive a cash bonus of $3 per acre and $8 per acre additional if a well nearing completion when the negotiations commenced, proved to be a commercial well. When the well was brought in, Robertson represented it was a dry hole. Relying on the representation, the Cartwrights accepted $3 per acre and signed the lease. The well was a commercial well and the Cartwrights sued for the additional $8 per acre.

Since the Cartwrights were not joint owners of the land, separate petitions were filed. Both causes of action grew out of the same transaction and the actions were tried together. The plaintiffs recovered and separate appeals were taken, which were heard together in this court. One opinion will dispose of both.

The vital question in the case was, What was the contract? Negotiations commenced on November 21, and the lease was signed on November 22. Plaintiffs claimed that on the 21st Robertson agreed to pay $3 per acre in cash, and $8 per acre more if the well came in a commercial well, in order to obtain the lease. Defendants claimed that no agreement was reached on the 21st and that on the 22d they contracted to pay $3 per acre for the lease, and no more. The testimony of plaintiffs left the nature of the contract in some doubt and was barely sufficient to take the case to the jury. M. Cartwright, as a witness in another lawsuit, had testified very fully regarding the matters in controversy in these cases. Plaintiffs and defendants stipulated that the transcript of the testimony in the

former suit might be read in evidence by either party, subject to objection for irrelevancy and immateriality. Defendants availed themselves of the stipulation which, as indicated, made Cartwright's previous statements, if relevant and material to the issue, admissible without examining him concerning them. While some of the statements merely duplicated his testimony, others tended to support defendants' version of the contract. The court excluded some of those which were most important. It is not necessary to present them here. If they had been admitted, the jury might well have resolved the doubt indicated above, in favor of defendants.

The judgment of the district court is reversed and the cause is remanded for a new trial.